UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| D&D DISTRIBUTION | * | |
| SERVICES, INC., | * | Chapter 11 |
|     Debtor | * | |
| | * | Case No.: 1-03-02649MDF |
| D&D DISTRIBUTION | * | |
| SERVICES, INC., | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-00048A |
| | * | |
| GOOD HEALTH | * | |
| NATURAL FOODS, INC., and | * | |
| CENTRAL TRANSPORTATION | * | |
| INTERNATIONAL, INC., | * | |
|     Defendants | * | |

## OPINION

### Factual and Procedural History

Before me is a motion to dismiss filed by Defendant Central Transportation International Inc. ("CTI") in the above-captioned adversary matter, which seeks the transfer of certain funds to Debtor from Good Health Natural Foods, Inc. ("Good Health") and the enjoining of certain acts by CTI. CTI is a Michigan corporation providing freight transportation services. D&D Distribution Services ("Debtor") is a Pennsylvania corporation providing warehousing and logistics services. Good Health is a warehousing customer of Debtor. Debtor engaged CTI by contract to ship Good Health products from Debtor's warehouse to Good Health customers. Good Health's customers were supposed to pay Good Health directly for the products they received. In turn, Good Health was supposed to pay Debtor for its warehousing services and for CTI's shipping

1

services. Debtor was then supposed to pay CTI for transporting Good Health's products.

On an unspecified pre-petition date (or dates), CTI delivered Good Health products from Debtor's warehouse to Good Health customers. Good Health's customers paid Good Health for these products. CTI submitted an invoice in the amount of $10,345.99 to Debtor for the cost of transporting these products. Debtor did not make good on the invoice and filed its bankruptcy petition shortly after the invoice was received. In the interim, Debtor submitted an invoice in the amount of $10,345.99 to Good Health. Good Health did not make good on the invoice. Aware of the delay in payment that would result from Debtor's bankruptcy filing, CTI began to make direct contact with Good Health's customers to obtain payment for its shipping services. Debtor filed the instant adversary case in response.

Debtor's Complaint, amended repeatedly since it was first filed, currently contains three causes of action. The first count alleges that CTI violated 11 U.S.C. §362(a)(3), (4), (5) and (6) by "attempting to collect, perfect or secure itself in an account receivable that otherwise belongs to the Debtor and is property of the Debtors (sic) estate by indirectly going after the customers of Good Health." The second count seeks a declaratory judgment that CTI "is interfering with the contract between D & D and Good Health, as well as interfering with the contract between Good Health and its customers." The third count requests judgment against Good Health in the amount of $9,471.35, which amount Good Health has placed into escrow. Good Health filed an answer to the last amended Complaint in which it admitted all of the allegations and requested that judgment be entered against it in Debtor's favor.

2

AO 72A
(Rev. 8/82)

Case 1:04-ap-00048-MDF    Doc 35    Filed 10/12/04    Entered 10/13/04 14:24:19    Desc
Main Document    Page 2 of 11

In response to each amended Complaint, CTI reasserted its motion to dismiss. In response to each motion to dismiss, the Court issued its standard order directing the filing of briefs. CTI duly filed briefs in response to each Order. Debtor has never filed a brief. This matter is ready for decision.

## Discussion

CTI moved to dismiss the amended Complaint on several grounds, including lack of subject matter jurisdiction. More specifically, CTI alleges that the matter of the payment of the $10,345.99 is a matter between CTI and Good Health in which Debtor has no interest. CTI asserts that, in the tripartite relationship, Debtor was to be "a mere conduit" of these funds. CTI asserts that Debtor was to have held these funds in a constructive trust for CTI, and therefore that such funds would not have become a part of Debtor's estate had they been paid to Debtor by Good Health pre-petition. Consequently, CTI argues, they are payable directly to CTI by Good Health post-petition, simultaneously depriving Debtor of an interest in them and this Court of jurisdiction over them. CTI also asserts that the Complaint should be dismissed because Debtor has failed to state a claim upon which relief can be granted.

As the issue of subject matter jurisdiction raised by CTI may be dispositive of the major thrust of the Complaint, the Court will address it first. The parameters of a Bankruptcy Court's jurisdiction are contained at 28 U.S.C. §§157 and 1334.

> **(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> **(b)** Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or

3

arising in or related to cases under title 11.

28 U.S.C.A. §1334.

> **(a)** Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> **(b)(1)** Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings[1] arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> **(3)** The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C.A. § 157.

A federal court, in deciding a motion to dismiss for lack of subject matter jurisdiction, presumptively lacks jurisdiction over a proceeding unless the plaintiff affirmatively demonstrates that jurisdiction exists. *Walnut Associates v. Saidel,* 164 B.R. 487, 490 (E.D.Pa. 1994) (citing, *Lucas v. Gulf & W. Indus., Inc.,* 666 F.2d 800, 805 (3d Cir.1981)). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the

---

[1] **(2)** Core proceedings include, but are not limited to: matters of administration of the estate; allowance of claims or exemptions; counterclaims by the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to determine, avoid, or recover preferences; motions to terminate, annul, or modify the automatic stay; proceedings to determine, avoid, or recover fraudulent conveyances; determinations as to the dischargeability of particular debts; objections to discharges; determinations of the validity, extent, or priority of liens; confirmations of plans; orders approving the use or lease of property or cash collateral; orders approving the sale of property; and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

4

plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir. 1991). It is well settled that subject matter jurisdiction cannot be established by waiver, consent, estoppel or failure to challenge jurisdiction early in the proceedings. *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie de Bauxites Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *United Food & Commercial Worker's Union v. Centermark Properties Meriden Square, Inc.,* 30 F.3d 298, 303 (2d Cir.1994).

Thus, in the case before me, Debtor bears the burden of persuading the court that the instant proceeding is one that arises under, arises in, or is related to its bankruptcy case.

"Proceedings 'arise in' bankruptcy if they have no existence outside of the bankruptcy." *U.S. Trustee v. Gryphon at Stone Mansion, Inc.,* 166 F.3d 552, 556 (3rd Cir. 1999). "The phrase 'cases under title 11' refers to the bankruptcy filing itself. Proceedings ... 'arising under title 11' are those civil actions which are created or determined by the Bankruptcy Code." *Hohl v. Bastian,* 279 B.R. 165, 171-172 (W.D.Pa. 2002) (citing, *Stamm v. Rapco Foam, Inc.,* 21 B.R. 715, 723 (Bankr.W.D.Pa.1982); *In re Santa Clara County Child Care Consortium,* 223 B.R. 40, 42 (1st Cir. BAP 1998)). It is clear that Count One of the instant Complaint is a garden variety contract action that could exist outside of bankruptcy and is not created or determined by the Bankruptcy Code. Therefore, this Court has no "arising in" or "arising under" jurisdiction.

"The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.

5

1984) (emphasis omitted). In the instant case, CTI makes a colorable argument that Debtor's Complaint could not conceivably have any effect on Debtor's estate because the funds at issue do not belong to Debtor - that Debtor holds them in a constructive trust. The fact that Debtor received an invoice from CTI for $10,345.99 and shortly thereafter invoiced Good Health for that exact amount lends substantial credence to CTI's argument that Debtor was to be "a mere conduit" for the funds. State law controls whether property in possession of debtor on petition date is held in constructive trust, so as not to be included in bankruptcy estate. *In re First Central Financial Corp.*, 377 F.3d 209 (2nd Cir. 2004). In the instant case, having failed to file a brief, Debtor has cited no Pennsylvania authority regarding the law of constructive trusts and has not refuted CTI's argument. Therefore, it obviously has not borne its burden of persuasion that the Court has jurisdiction. Therefore, CTI's motion to dismiss the complaint shall be granted.

Good Health did not join in the motion to dismiss. In its Answer to the Complaint, Good Health admitted all of the allegations and requested that judgment be entered against it. However, parties cannot waive subject matter jurisdiction even by express consent. "[S]ubject matter jurisdiction may not be conferred upon this Court by agreement." *In re Digital Impact, Inc.*, 223 B.R. 1, 15 (Bankr.N.D.Okla. 1998) (citing, *Sosna v. Iowa*, 419 U.S. 393, 398, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Feld v. Zale Corp. (In re Zale)*, 62 F.3d 746, 754, 757 n. 26 (5th Cir.1995) (bankruptcy court cannot enlarge its jurisdiction for judicial economy or for the purpose of fostering agreements or settlements of controversies; a court exceeds its authority in entering consent orders the subject matter over which it lacks jurisdiction) This rule has been said to be "graven in

stone" and "enforced with draconian zeal." *In re Boyer,* 93 B.R. 313 (Bankr. N.D. N.Y. 1988); *Reale International, Inc. V. Federal Republic of Nigeria,* 647 F.2d 330 (2nd Cir. 1981). Thus, because the Court lacks subject matter jurisdiction over Count Three of the Complaint, the Court cannot grant judgment even against a party who consents to judgment being entered against it. Therefore, Count Three of the Complaint shall be dismissed as to Good Health as well as to CTI.

Count One - violation of the automatic stay

Count One addresses itself only to CTI and avers that CTI has violated the automatic stay by contacting Good Health's consumers and attempting to collect payment from them. The Second Amended Complaint incorrectly asserts that this Court has jurisdiction over the subject matter of Count One pursuant to 11 U.S.C. §362(a) and (h). In fact, jurisdiction over matters involving alleged violations of the automatic stay is conferred by 28 U.S.C. §157 and 1334. However, "it is not fatal to a complaint that the plaintiff has either mis-characterized her legal theories, or imprecisely invoked the court's subject matter jurisdiction." *In re McDonald,* 265 B.R. 3, 6 (Bankr. D. Mass. 2001) (citations omitted). It is clear that this Court has subject matter jurisdiction over a complaint alleging a violation of the automatic stay.

However, the gravamen of Count One is that CTI violated the automatic stay by attempting to collect receivables from parties entirely unrelated to Debtor. Debtor wishes to impose sanctions against CTI for having initiated collections actions against customers of Good Health, i.e. customers of a customer of the Debtor. Fairly read, there is no allegation in the Complaint that the funds which CTI attempts to collect from these third

7

parties in fact belong to Debtor. Debtor filed no brief to otherwise explain how the stay would be violated in the circumstances alleged. The Court's research located a number of cases where a creditor's collections actions against third parties were found to be wholly in conformity with 11 U.S.C. §362. *See, In re Perry*, 312 B.R. 723 (Bankr. M.D. Ga. 2004) (subcontractor did not violate automatic stay in place in debtor-contractor's Chapter 13 case merely by filing materialman's lien against real property owned, not by debtor-contractor, but by third parties who had contracted for improvements); *In re Torrez*, 132 B.R. 924 (Bankr. E.D. Cal. 1991)(protections of automatic stay inure only to benefit of debtor, property of debtor, or property of estate; aside from codebtor estate provisions, there is no automatic stay protection for nondebtors or their property.)

The instant facts are easily distinguished from a situation in which a creditor attempts to coerce payment from a debtor by contacting third parties to attempt to collect funds that would be otherwise paid directly to a debtor or trustee, *see, e.g., In re Suncoast Towers South Associates*, 1999 WL 549678 (Bankr.S.D.Fla.)(stay violated when creditor contacted tenants of debtor to have them send rent directly to creditor rather than trustee); or where the third parties were actual employees of the debtor. *See, Divane v. A & C Electric Co., Inc.*, 193 B.R. 856 (N.D.Ill.1996) (stay violated where union employee benefits plan sent letter to debtor's employees stating that debtor's delinquencies in benefits contributions could cause suspension of coverage). The funds in the instant case are the property of Good Health's customers, and there is no fair reading of the Complaint that would indicate that these funds would ever become property of the estate. Thus, under Fed.R.Civ.P. 12(b)(6), Debtor has failed to state a claim upon which relief can be

8

granted. Therefore, Count One of the Complaint may be dismissed.

Count Two - "Declaratory Relief"

In Count Two, Debtor seeks "declaratory relief pursuant to F.R.B.P. 4001 that [CTI] is interfering with the contract between [Debtor] and Good Health, as well as interfering with the contract between Good Health and its customers." (Second Amended Complaint, para. 25.) The Complaint is somewhat deficient because a declaration of contractual interference is of no practical value without an order to prospectively enjoin the interference. As CTI properly asserts, Debtor must demonstrate certain basic elements in order to obtain injunctive relief, including, *inter alia*, a substantial likelihood of success on the merits. Having failed to file a brief in this action, Debtor has failed to demonstrate any likelihood of relief. Moreover, as discussed above, the Court regards Debtor's grounds for enjoining CTI from attempting to collect its receivables from third-party, non-debtor entities as wholly meritless. Again, no reasonable reading of the Complaint indicates that CTI's actions have affected the estate.

The Court recognizes that, in order to grant a motion to dismiss under Fed.R.Civ.P. 12(b)(6) (made applicable to bankruptcy proceedings under Fed.R.Bankr.P. 7012(b)(6) and 9014) it must first accept all well-pleaded allegations of the Complaint as being true. The Court further recognizes that the Complaint should not be dismissed unless it appears that there exists no set of facts provable under the allegations of the pleadings that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2. L.Ed. 80 (1957). The Court is persuaded that Debtor cannot prove any facts under the Second Amended Complaint that would entitle it to injunctive relief.

AO 72A
(Rev. 8/82)

For all of these reasons, CTI's motion to dismiss will be granted. An appropriate order will follow.

BY THE COURT

*Mary D. France*
MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| D&D DISTRIBUTION SERVICES, INC., | Chapter 11 |
|     Debtor | |
| | Case No.: 1-03-02649MDF |
| D&D DISTRIBUTION SERVICES, INC., | |
|     Plaintiff | |
| v. | Adv. No.: 1-04-00048A |
| GOOD HEALTH NATURAL FOODS, INC., and CENTRAL TRANSPORTATION INTERNATIONAL, INC., | |
|     Defendants | |

## ORDER

FILED HARRISBURG PA
OCT 12 2004
Clerk, U.S. Bankruptcy Court

AND NOW, this 12th day of October, 2004, the motion to dismiss filed in the above-captioned adversary case shall be and hereby is granted. The case is hereby dismissed.

BY THE COURT

_____
MARY D. FRANCE
BANKRUPTCY JUDGE

HARRISBURG, PENNSYLVANIA